IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02945-WYD-KLM

RANDALL C. MUSTAIN-WOOD,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

    Defendant.

_____

**ORDER DENYING MOTION TO RECUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Recusal of United States Magistrate Judge Kristen L. Mix** [Docket No. 7; Filed December 16, 2010] (the "Motion"). Plaintiff contends that I should recuse myself because I went to college and law school with Plaintiff's counsel and because I am friends with counsel's wife.  *Motion* [#7] at 1.  Some of the assertions upon which the Motion is based are exaggerated.  In addition, I note that I previously served as the Magistrate Judge on a case prosecuted by Plaintiff's counsel and no allegations of impropriety or impartiality were raised during the course of that case, despite the fact that I invited the parties to seek my recusal.  *See* Case No. 08-cv-02173-LTB-KLM.

    Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."  In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute.  *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985,

993 (10th Cir. 1993) ("The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question."). The purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).

Although Plaintiff contends "that it would be better for this matter to be assigned to another Magistrate Judge," *Motion* [#7] at 1, there is no legitimate reason why my impartiality might objectively or reasonably be questioned in this case. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:  December 17, 2010

>BY THE COURT:
>
> s/ Kristen L. Mix
>Kristen L. Mix
>United States Magistrate Judge