IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02945-WYD-KLM

RANDALL C. MUSTAIN-WOOD,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

    Defendant.

_____

**ORDER DENYING RENEWED MOTION TO RECUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Renewed Motion for Recusal of United States Magistrate Judge Kristen L. Mix** [Docket No. 10; Filed December 17, 2010] (the "Motion"). Essentially, Plaintiff asks the Court to reconsider my prior decision [Docket No. 9] by providing additional bases for recusal.

    A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff has provided no compelling basis for reconsideration of my prior Order. Plaintiff's presentation of additional facts and argument could have, and should have, been addressed in his prior motion seeking my recusal. The Motion is subject to denial on this basis alone. Nevertheless, under the circumstances, the Court chooses to address the specific assertions made by Plaintiff which he contends warrant my recusal.

First, my occasional referral of cases to Plaintiff's counsel during my twenty-two years of private practice and his alleged occasional referral of cases to me does not raise a serious basis for recusal. I do not recall a single client referred to me by counsel, I have never served with him as co-counsel on a case, and I had very little interaction with counsel while in private practice.

Second, Plaintiff's counsel's belated assertions of a "marked change" in my manner and that I was "unnecessarily dismissive" in a previous case are unfounded. *See Motion* [#10] at 1-2. If counsel believed that I was acting inappropriately in the prior case, he should have sought my recusal at that time. Moreover, counsel's suggestion that recusal is appropriate because he disagreed with a prior ruling manifestly lacks merit. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

Third, the last time the Court had any contact with Plaintiff's counsel's wife was more than three years ago, to the best of the Court's recollection. Until filing of the renewed Motion, the Court was unaware that counsel and his wife are divorcing. I have had no contact with counsel or his wife regarding their divorce.

Fourth, Plaintiff's counsel's suggestion that his "client has a good appreciation for this issue that should not be ignored" is unavailing. *See id.* at 2. The Court does not know Mr. Mustain-Wood and had no involvement with him while I was in private practice.

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." There is simply no reasonable basis for recusal here. It is my duty to serve in cases that are assigned to me, see *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted), and I will do so with impartiality here. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated: December 20, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge